

FILED
JUL 30 2014

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| NATHAN P. KOBASIC, | \* | CIV. 14-4118 |
| Plaintiff, | \* | |
| vs. | \* | |
| | \* | COMPLAINT |
| YANKTON MEDICAL CLINIC, P.C. | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Nathan P. Kobasic, by and through counsel, for his Complaint and causes of action against the Defendant, states and alleges as follows:

1. Plaintiff is a citizen of the State of Michigan.

2. The Yankton Medical Clinic, P.C. (Yankton Medical Clinic) is a professional corporation incorporated under the laws of the State of South Dakota, with its principal place of business in Yankton, South Dakota. As such, the Yankton Medical Clinic is a citizen of the State of South Dakota.

3. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1332, because the Plaintiff and the Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs exceeds the sum of $75,000.00.

4. Plaintiff was incarcerated at the Yankton Federal Prison, pursuant to and under the authority of the Federal Bureau of Prisons in September, 2011.

1

5. In approximately early June 2012, while at the Yankton Federal Prison, the Plaintiff was coughing up blood.

6. The Plaintiff was referred to the Yankton Medical Clinic, where he was seen by a pulmonologist.

7. The Plaintiff was diagnosed with a pleural effusion and a thoracentesis was performed on June 25, 2012.

8. In connection with the thoracentesis, cultures were ordered.

9. On July 5, 2012, Dr. Lori A. Hansen, a pulmonologist with the Yankton Medical Clinic, P.C. performed a bronchoscopy, with washings and brushings.

10. The Yankton Medical Clinic sent samples of the bronchial washings to be tested and cultured, for among other things fungus.

11. On August 3, 2012, the Yankton Medical Clinic received a preliminary report from the laboratory indicating the fungal culture result from the bronchial washings showing blastomyces dermatitidis. The pulmonologist, Dr. Hansen, signed off on the preliminary report on August 4, 2012.

12. The Plaintiff was seen at the Yankton Medical Clinic by Dr. Hansen on August 9, 2012.

13. The Plaintiff was not informed that the preliminary results of his fungal culture showing blastomycosis and was instead diagnosed with bursitis and scheduled to be seen by the Yankton Medical Clinic for follow-up in six months, sooner if symptoms develop.

14. On August 10, 2012, the Yankton Medical Clinic received a final report showing a fungal culture of blastomyces dermatitidis.

15. The report was signed off on by Dr. Lori Hansen on August 13, 2012.

16. The Plaintiff, through his attorney, has requested any transmittal documentation to show when or whether the Yankton Medical Clinic had transmitted the fungal culture results showing blastomycosis to the federal prison, and has received only fax transmittal sheets showing the transmission of the earlier (June 25, 2012) samples from the pleural effusion which were negative and the office visit on August 9, 2012.

17. The Plaintiff's prison records contain a copy of the preliminary results showing blastomyces dermatitidis which were signed off by the clinical director of the prison on August 24, 2012.

18. The Plaintiff was requested but has not been provided with any documentation showing when the information was forwarded by the Yankton Medical Clinic to the federal prison.

19. When the Plaintiff's diagnosis of blastomycosis was finally communicated to him, he began a course of antibiotics beginning the end of August, 2012.

20. During the time that the Plaitniff developed pulmonary problems, he also developed problems with his right elbow. The problems with the right elbow turned into osteomyelitis due to the blastomycosis infection.

21. As a result, the Plaintiff underwent a prolonged course of antibiotic treatment, surgical treatment for his right elbow, including debridement

and removal of dead infected bone, open reduction, and internal fixation with plate and screws, among other things.

22. The Yankton Medical Clinic owed the Plaintiff a duty to promptly report and follow-up on results of the fungal culture.

23. The Yankton Medical Clinic owed a duty to the Plaintiff to refer the Plaintiff to an infectious disease specialist or recommend the assistance of a infectious disease specialist, because under the circumstances, a reasonably careful and skillful clinic and physician would have done so.

24. The Defendant violated the standard of care by failing to promptly report to the Plaintiff and his physician at the federal prison the results of the fungal culture, by failing to refer the Plaintiff to an infectious disease specialist or recommend the assistance of an infectious disease specialist under the circumstances, and by failing to disclose to the Plaintiff, the preliminary results of the fungal culture, when the Plaintiff was seen at the Yankton Medical Clinic on August 9, 2012.

25. As a proximate result of the Defendant's negligence and violation of the standard of care, the blastomycosis resulted in deterioration of the bone in the Plaintiff's right arm, complications, prolongation of the disease, the Plaintiff's symptoms, and treatment.

26. The Plaintiff has suffered an aggravation of an existing condition, excruciating pain, has undergone a lengthy course of antibiotic and surgical treatment, and has experienced and will continue to experience pain, suffering, loss of enjoyment of life, and potential loss of earnings and earning capacity.

WHEREFORE, the Plaintiff demands judgment against the Defendant, for all of his pain and suffering, past and future, loss of enjoyment of life, potential loss of earnings and earning capacity, and such further relief as the Court may deem appropriate.

Dated at Sioux Falls, South Dakota, this 30th day of July, 2014.

SCHAFFER LAW OFFICE, PROF. LLC

Michael J. Schaffer
412 West 9th Street, Suite 1
Sioux Falls, SD 57104-3602
Telephone (605) 274-6760
Facsimile: (605) 274-6764
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues of fact.